IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RELENTHIS BLAKELY**                                                                               **PLAINTIFF**

v.                                             **4:08-CV-04120-WRW**

**SCHLUMBERGER TECHNOLOGY**
**CORPORATION,** *et al.*                                                                         **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' Motion to Dismiss or in the Alternative to Stay (Doc. No. 7). Plaintiff has responded.[1] For the reasons set out below, Defendant's motion is GRANTED in PART and DENIED in PART.

**I.     BACKGROUND**

After receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed a Complaint ("Suit 1") on October 29, 2007, against her former employer, Schlumberger Technology ("Schlumberger").[2] Plaintiff alleges that her promotion from dispatcher to administrative assistant ("Promotion Charge") was delayed by her supervisor, Mr. Mike Garwood ("Garwood"), because of her pregnancy, disability, and race.[3] She also contends that Garwood denied her requests for time off on Fridays and that she was

---

[1] Doc. No. 12.

[2] *Blakely v. Schlumberger Technology Corporation*, No. 4:07-CV-01064-WRW (E.D. Ark. Oct. 27, 2007).

[3] *Id.* at Doc. No. 2.

subjected to stress and retaliation.[4] Plaintiff later sought leave to add allegations to her Complaint in Suit 1, but I denied that motion on October 2, 2008.[5]

After Plaintiff received another Notice of Right to Sue letter on her second EEOC charge, Plaintiff filed the present action ("Suit 2") approximately one month later.[6] Plaintiff alleges both claims alleged in Suit 1 and new claims that arose after she filed Suit 1.[7] The new claims in Suit 2 are related to her alleged wrongful termination by Schlumberger in January, 2008 ("Termination Charge").[8]

In their partial motion to dismiss, Defendants contend that in Suit 2 Plaintiff seeks to pursue "(1) claims currently being litigated in Suit 1, (2) claims denied in Suit 1, (3) allegations which fail to state a remediable claim, and (4) allegations over which this Court does not have jurisdiction."[9]

## II.   DISMISSAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[10] Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are

---

[4]*Id.*

[5]*Id.* at Doc. No. 28.

[6]Doc. No. 1.

[7]*Id.*

[8]*Id.*

[9]Doc. No. 7.

[10]*Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

true.[11] "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions."[12]

## III.  DISCUSSION

Defendants argue four points in their motion: (1) Plaintiff failed to exhaust her administrative remedies for her gender and disability discrimination claims regarding her termination; (2) Plaintiff's negligent hiring, training, and retention causes of action fail to state a claim for relief; (3) Plaintiff's claims arising from facts in Suit 1 should be dismissed or stayed; and (4) Plaintiff's claims against Garwood should be dismissed because Title VII does not provide for individual liability of supervisors. I will address these issues one at a time.

### A.  Exhaust Administrative Remedies

Defendants contend that Plaintiff failed to exhaust her administrative remedies for her gender and disability claims related to her termination. Defendants cite the Title VII exhaustment requirement,[13] which requires a plaintiff to allege her discrimination in an EEOC charge within 300 days of the alleged conduct and before filing a lawsuit in federal court. In response, Plaintiff argues that the exhaustion requirement is "not sacrosanct."[14] However, the exhaustion

---

[11] *Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

[12] *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

[13] 42 U.S.C. § 2000e et seq..

[14] Doc. No. 12.

requirement is statutory[15] and courts regularly dismiss claims at this stage of the proceedings for failure to exhaust administrative remedies.[16]

The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of."[17] Plaintiff asserts that her 2008 EEOC charge contains the words "female" and "medical condition," which is enough to meet the notice requirement.[18] Defendants claim that "[t]his is not sufficient under the law as it did not give notice to either the EEOC or Schlumberger that she contended any action was taken against her because of that status or condition or that such claims needed to be investigated."[19] I agree. The EEOC form contained "Gender" and "Disability" boxes, but Plaintiff failed to check them.[20] Accordingly, Plaintiff failed to exhaust her administrative remedies in alleging discharge on account of disability or gender, and these claims are dismissed. Defendants' motion, on this specific issue, is GRANTED.

---

[15]*Cotrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) ("A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court.").

[16]See *Renneke v. Astrue*, 276 Fed. Appx. 548 (8th Cir. 2008); *Flood v. WNC Cloud Merger Sub, Inc.*, No. 07-3019, 2008 WL 912906 (W.D. Ark. Apr. 3, 2008); *Dixon v. Wood Mfg. Co.*, No. 07-3026, 2008 WL 748376 (W.D. Ark. Mar. 17, 2008).

[17]29 C.F.R. § 1601.12(b).

[18]Doc. No. 12.

[19]Doc. No. 15.

[20]Doc. No. 15. *Russell v. TG Missouri Corp.*, 340 F.3d 735 (8th Cir. 2003) (holding that employee failed to exhaust administrative remedies for retaliation because employee failed to mark the box for this category, checking only the box labeled "sex" and "disability," and there was no mention in the charge or any mark on another box for retaliation); *Duncan v. Delta Consol. Indus.*, 371 F.3d 1020 (8th Cir. 2004) (upholding dismissal of sexual discrimination claims for failure to check the "sex" box on the charge form).

### B.  Negligence

Defendants seek dismissal of Plaintiff's negligence claims (negligent training, hiring, and retention) because "such claims may only be brought in a worker's compensation proceeding pursuant to the exclusivity provision of the Arkansas Worker's Compensation Act"[21] Defendants contend that negligence claims against an employer are addressed only under worker's compensation law and cannot be brought in a federal action.[22] The exclusivity provision of the Arkansas Worker's Compensation Act provides that "the rights and remedies granted to an employee subject to the provisions of this chapter, on account of physical injury or death, shall be exclusive of all other rights and remedies of the employee . . . ."[23]

Plaintiff argues that the exclusivity provision does not apply because she has not alleged physical injury or death in her Complaint. As Defendants point out, Plaintiff does, in fact, allege "physical disfigurement," "physical pain," and "miscarriage."[24] Plaintiff's negligence claims are exclusively litigated before the Arkansas Worker's Compensation Commission, and these claims must be dismissed for lack subject matter jurisdiction. With regard to Plaintiff's negligence claims, Defendants' motion is GRANTED.

### C.  Duplicative Claims

Defendants contend that Plaintiff's promotion claims in Suit 2 should be dismissed because these claims are being litigated in Suit 1. Defendants argue that litigating duplicative claims creates piece-meal litigation, prejudices Defendants, needlessly wastes federal resources,

---

[21]Doc. No. 7 (citing Ark. Code Ann. § 11-9-105(a)).

[22]Doc. No. 7.

[23]Ark. Code Ann. § 11-9-105(a).

[24]Doc. No. 1.

and risks contradictory rulings.[25] Although no precise rule has evolved on this issue, "the general principle is to avoid duplicative litigation."[26] Plaintiff may litigate her promotion claims in Suit 1; therefore, her promotion-related claims in Suit 2 are dismissed. The duplicative claims portion of Defendants' motion is GRANTED.

### D.  Claims Against Garwood

Defendants contend that Garwood should be dismissed because Title VII does not provide for individual liability unless Garwood meets the Title VII definition of "employer."[27] However, this argument appears to be moot since Garwood currently is in Algeria and has not been properly served.[28] Plaintiff contends, and I agree, that without proper service, Garwood is not yet a party to this case and the Court lacks personal jurisdiction over him.[29] Accordingly, Plaintiff's Title VII claims against Garwood are not ripe for dismissal. Defendants' motion, as it pertains to claims against Garwood individually, is DENIED.

---

[25]Doc. No. 7.

[26]*Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

[27]Doc. No. 7.

[28]Doc. No. 12.

[29]*Id.*; *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss or in the Alternative to Stay (Doc. No. 7) is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED this 12th day of February, 2009.

      /s/ Wm. R. Wilson, Jr.          
      UNITED STATES DISTRICT JUDGE