IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RELENTHIS BLAKLEY                                                                                    PLAINTIFF

v.                                            4:08CV04120-WRW

SCHLUMBERGER TECHNOLOGY CORP.                                              DEFENDANT

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 42). Plaintiff has responded,[1] and Defendant has replied.[2] For the reasons set out below, Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

Plaintiff Relenthis Blakley ("Blakley") was hired by Defendant Schlumberger Technology Corporation ("STC") in July 2006, was promoted in February 2007, stopped working in October 2007, and her employment was terminated in January 2008.

This is the second suit between these parties. In the first suit, Blakley filed a Complaint against STC on October 29, 2007 ("Suit 1").[3] Plaintiff alleged that her promotion from dispatcher to administrative assistant was delayed by her supervisor, Mr. Mike Garwood, because of her pregnancy, disability, and race.[4] She also contended that Mr. Garwood denied her

---

[1] Doc. No. 44.

[2] Doc. No. 47.

[3] *Blakley v. Schlumberger Technology Corporation*, No. 4:07-CV-01064-WRW (E.D. Ark. Oct. 27, 2007).

[4] *Id.* at Doc. No. 2.

1

requests for time off on Fridays and that she was subjected to stress and retaliation.[5] Plaintiff later sought leave to add allegations to her Complaint in Suit 1, but I denied that motion on October 2, 2008.[6] Suit 1 was dismissed on Summary Judgment.[7]

After Plaintiff received another Notice of Right to Sue letter on a second EEOC charge, Plaintiff filed the present action ("Suit 2").[8] Plaintiff's new Complaint alleged some claims already alleged in Suit 1, and new claims that arose after she filed Suit 1.[9] The new claims in Suit 2 are related to her alleged wrongful termination by Schlumberger in January, 2008.[10] On Defendant's Motion, I dismissed Plaintiff's promotion-related claims, gender and disability claims, and negligence claims -- these claims were either duplicative of claims in Suit 1, or Plaintiff had failed to exhaust her administrative remedies.[11] Plaintiff's remaining claims in Suit 2 involve FMLA leave and her termination.

Plaintiff filed her Complaint in Suit 2 on November 5, 2008, and was provided until January 29, 2010, to conduct discovery. Despite having more than a year to conduct discovery, and this being a relatively straight-forward termination lawsuit, with extensive discovery already completed in the previous lawsuit, there have been numerous issues, including but not limited to:

---

[5]*Id.*

[6]*Id.* at Doc. No. 28.

[7]Doc. No. 53.

[8]Doc. No. 1.

[9]*Id.*

[10]*Id.*

[11]Doc. No. 16.

2

(1) Plaintiff failed to appear for her noticed deposition, claiming the notice was not received, even though all previous discovery was received by the same manner and method; (2) Plaintiff failed to submit responses to discovery for six months until ordered to do so,[12] claiming that the discovery requests were not received because the notices were lost; (3) Plaintiff failed to comply with the Order to confer with Defendant about her overly broad discovery requests, claiming that notice was not received due to a computer problem;[13] and (4) after I ordered Plaintiff to file all new discovery requests, they were submitted days late, allegedly due to difficulties with a fax-machine. All of these mishaps occurred before the close of discovery.

As a result of these mishaps, I ultimately cancelled the trial date; quashed Plaintiff's discovery requests in their entirety; directed Plaintiff to submit new paired-down discovery requests; directed Plaintiff to file an amended and substituted complaint; and to consider

---

[12] Doc. No. 23.

[13] On January 4, 2010, Defendant filed a Motion for Protective Order based on Plaintiff's overly broad and somewhat last-minute discovery requests. On January 13, 2010, I issued a Letter Order directing Plaintiff to confer with Defendant to resolve the discovery dispute. Doc. No. 32. I specifically directed a "mandatory . . . meet and confer," in which I expected "genuine, bonafide, real, good-faith, efforts to resolve the discovery dispute." Doc. No. 32. The "meet and confer" was to be held by January 19, 2010, or a telephone conference would be held that day to resolve the dispute. *Id*.
By January 19, 2010, Plaintiff had not conferred with Defendant, and the telephone conference was cancelled because Plaintiff's counsel said that he did not know what the conference was about. Doc. No. 24. Plaintiff's counsel claimed that, while he received my Letter Order a week earlier, he had never received notice of Defendant's Motion for Protective Order (due to another computer problem) -- so, in effect, Plaintiff's counsel did not know what the Letter Order was directing him to confer with Defendant about. *Id*. The Letter Order, however, specifically cited "Defendant's Motion for Protective Order (Doc. No. 29)," as the subject of the "meet and confer," and I am not sure how Plaintiff's counsel -- given a weeks time -- failed to solve the alleged computer malfunction, locate Defendant's Motion otherwise, and failed to confer with Defendant as ordered.

retaining local counsel for assistance in meeting the requirements of the local rules.[14] I then denied Plaintiff's Motions for Reconsideration on these Orders,[15] noting that they offered "Plaintiff an opportunity to start over with a clean slate."

Defendant's pending Motion to Dismiss argues that Plaintiff has not started over with a clean slate. Regarding my Order that Plaintiff file new "rifle-shot" or "spare and to the point, only" discovery requests,[16] Defendant argues that many of the requests continue to address claims dismissed in Suit 1, and many still lack reasonable geographic and temporal restrictions.[17] Defendant also notes also that Plaintiff's discovery requests were submitted late.

Regarding my Order that Plaintiff "file an Amended and Substituted Complaint in which the wheat only remains, and the chaff is entirely removed,"[18] Defendant notes that Plaintiff's Substituted Complaint re-asserts claims I have already dismissed (such as gender and pregnancy discrimination and disability discrimination) and asserts a new claim altogether (under the Lilly Ledbetter Fair Pay Act of 2009).

Defendant argues that Plaintiff's disregard of my Orders, coupled with Plaintiff's record of discovery difficulties, has unfairly prejudiced Defendant and delayed the trial date unnecessarily. Defendant requests a dismissal of this lawsuit, and an award of fees and costs.

---

[14]Doc. Nos. 35, 36.

[15]Doc. Nos. 37, 40.

[16]Doc. No. 35.

[17]*Id.*

[18]Doc. No. 36.

## II. DISCUSSION

Defendant's Motion to Dismiss is DENIED. While I believe that it would be well within my discretion to dismiss this case with prejudice in view of the history of issues in this case,[19] I am not satisfied that it is the proper thing to do right now. I am determined, however, to resolve the discovery issues in this case and to get Plaintiff's Complaint in line.

As for Plaintiff's Complaint, Defendant is directed to provide Plaintiff with a list of paragraphs within the Complaint that Defendant's believe are relevant only to the dismissed claims. Defendant should provide Plaintiff with this list by March 19, 2010, copy to the Court. By March 26, 2010, Plaintiff should respond, copy to the Court, and explain how each of the listed paragraphs are relevant to the remaining claims.

At the same time, Defendant is directed to provide Plaintiff with a comprehensive list of the discovery requests that Defendant believes are not relevant to the claims still at issue in this case. Plaintiff must then respond to each individual disputed request, and explain how each one is relevant to the claims still at issue in this case.

Defendant should also provide Plaintiff with a separate list of the discovery requests that Defendant believes lack reasonable geographic and temporal restriction, and Plaintiff should respond to each of these disputed requests individually.

---

[19]See, e.g., *Raines v. Potter*, 215 Fed. Appx. 566 (8th Cir. 2007) (holding district court acted within its discretion in dismissing employment discrimination action with prejudice after plaintiff disobeyed two court orders); *Mays v. IRS*, 81 Fed. Appx. 900 (8th Cir. 2003) (holding district court did not abuse its discretion when dismissed action with prejudice for plaintiffs' failure to comply with court orders, appear at scheduled conferences, and only produced requested discovery after repeated court intervention); *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000) (affirming dismissal with prejudice claims where party employs stall tactics and disregards court orders).

All of Plaintiff's responses should be clear and concise. I also expect Plaintiff's responses to be timely. If Plaintiff anticipates further difficulties with his computers, fax machines, or other equipment, I suggest Plaintiff err, if he is to err at all, toward submitting his requests well before the deadline.

After Defendant has received Plaintiff's responses, Defendant should advise me regarding the parts of the Complaint and discovery requests are still disputed. Defendant should submit this list to me within ten days of receiving Plaintiff's responses, copy to Plaintiff's counsel. At that time, I will get Plaintiff's Complaint and discovery requests two-blocked, and a new Scheduling Order will be issued.

Plaintiff's counsel, not Plaintiff herself, is directed to forthwith pay Defendant $1,500.00 to partially defray the fees and expenses resulting from Plaintiff's counsel's slow walking, and failure to follow the Court's directions.

IT IS SO ORDERED this 10th day of March, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE