**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RELENTHIS BLAKLEY**                                                               **PLAINTIFF**

**v.**                                    **4:08CV04120-WRW**

**SCHLUMBERGER TECHNOLOGY CORP.**                                    **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 58). Plaintiff has not

responded.[1] For the reasons set out below, Defendant's Motion for Summary Judgment is

GRANTED.

**I.      BACKGROUND**

This is the second suit between these parties.[2] Plaintiff Relenthis Blakley alleges causes

of action under Title VII[3] and FMLA[4] against Defendant Schlumberger Technology Corporation.

These are the facts:[5]

Schlumberger is in the oil and gas services business, and Blakely was employed as a

financial administrative assistant at its Conway, Arkansas, facility. Blakley was hired in June of

2006, promoted in February of 2007, sued Schlumberger for the first time in October of 2007,

---

[1]*See* Doc. No. 64.

[2]*See* Case No. 4:07-cv-01064-WRW.

[3]Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

[4]29 U.S.C. § 2612.

[5]*See* Doc. Nos. 59.

stopped working that same month, was fired the following January, 2007, and filed the present

suit in November of 2008.

In September of 2007, Blakley got into a workplace squabble with other administrators,

which Katie Butler, Blakley's direct supervisor, addressed in a team meeting and a subsequent

warning to Blakley issued September 13, 2007. The next day, Blakley obtained a doctor's note,

and took a leave of absence. Blakley returned to work on October 22, 2007, but three days later

submitted another doctor's note excusing her from work until January 2, 2008.

Blakley's first lawsuit against Schlumberger was filed about the same time, in October of

2007, and generally alleged that her promotion the previous February was delayed by one month

in violation of the Pregnancy Discrimination Act.[6] Her claims in the first suit were dismissed on

summary judgment.

During Blakley's second leave of absence, on November 7, 2007, Schlumberger provided

Blakley notice of its request for medical certification under FMLA. Blakley did not respond to

the request. While still on leave, on December 21, 2007, Blakley informed Schlumberger that

she intended to take parental leave starting January 3, 2008. Schlumberger again provided

Blakley notice of its request for medical certification under FMLA, and again neither Blakley

nor her doctors submitted any of the requested FMLA medical certifications.

Meanwhile, Schlumberger's corporate management contracted with an outside vendor, a

company called Cass, to out source some of its operations, including work that had been

Blakley's primary duty as a financial administrator. Because Blakley's remaining duties could be

---

[6] 42 U.S.C. § 2000e(k).

absorbed by Butler and other administrators, Schlumberger eliminated her position on January 22, 2008—nineteen days after she had begun parental leave.

On November 5, 2008, Plaintiff filed the present complaint reasserting her promotion-related claims from the first lawsuit and adding a variety of claims associated with the termination of her employment. I dismissed Plaintiff's reasserted promotion-related claims, her gender and disability discrimination claims, and negligence claims.[7] Her remaining claims involve alleged violations of Title VII and the FMLA for race discrimination and the termination of her employment. Here, Schlumberger moves for summary judgment.

Based on the record before me, and absent a response from Blakley within the time directed by multiple orders,[8] Schlumberger's facts are deemed admitted[9] and Blakley has failed to meet her burden to survive summary judgment.

## II.    STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[10]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[11]

---

[7]Doc. No. 16.

[8]*See* Doc. Nos. 57, 64, 66.

[9]*See* Local Rule 56.1(c).

[10]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[12]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[13]  I must view the facts in the light most favorable to the party opposing the motion.[14]   The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[15]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[16]

## III.    Application

### A.      Blakley's Title VII Harassment Claim Fails as a Matter of Law

To establish a *prima facie* case of hostile work environment harassment, Blakley must establish that:

---

[12]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[13]*Id.* at 728.

[14]*Id.* at 727-28.

[15]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[16]*Anderson*, 477 U.S. at 248.

(1) she is a member of a protected group;

(2) she was subjected to unwelcome harassment because of her race;

(3) the harassment affected a term, condition, or privilege of her employment;

(4) the employer knew or should have known of the harassment and failed to take proper remedial action.[17]

Blakley has not demonstrated a genuine issue of material fact as to element (2), that she was harassed because of her race, or element (3), that the alleged harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of her employment.

### 1.      The Alleged Harassment Was Not Based on Blakley's Race

Blakley must "prove that she was the target of harassment because of her [protected status]."[18] Blakley has put forward no evidence of the allegedly harassing behavior being because of her race. Accordingly, Blakley has not satisfied her burden of raising an issue of material fact that she was harassed because of her race, and her claim must be dismissed as a matter of law.[19]

### 2.      Blakley Was Not Subjected to Severe or Pervasive Harassment.

Additionally, Blakley has failed to demonstrate an issue of material fact that the alleged harassing conduct was severe or pervasive enough that a reasonable person would find it hostile or abusive and that she subjectively perceived the environment to be abusive.[20]

---

[17]See *Green v. Franklin Nat'l Bank of Minn.*, 459 F.3d 903, 910 (8th Cir. 2005).

[18]*Pedoza v. Cintas Corp. No. 2*, 397 F.3d 1063, 1068 (8th Cir. 2005).

[19]*Hervey v. County of Koochiching*, 527 F.3d 711, 722 (8th Cir. 2008).

[20]See *Duncan v. General Motors Corp.*, 300 F.3d 928, 934 (8th Cir. 2002).

In determining whether conduct is sufficiently severe or pervasive to trigger liability under Title VII, courts look at the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[21] To prevail, a plaintiff must show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult."[22] The conduct must be "extreme in nature and not merely rude or unpleasant."[23]

Blakley sets forth a handful of instances of harassment allegedly committed by Butler and other co-workers. Specifically, she alleges that: (1) Butler threatened to terminate and replace her;[24] (2) Butler instructed her to take her breaks outside rather than at her desk;[25] and (3) her co-financial administration workers made false statements about her when they complained about her attitude. Even assuming the truth of these allegations, these instances of alleged harassment do not describe a workplace so objectively "permeated with discriminatory

---

[21]*Duncan,* 300 F.3d at 934.

[22]*Id.*

[23]*Sutherland v. Missouri Dep't of Corrections*, 580 F.3d 748, 751 (8th Cir. 2009).

[24]Blakley was not sure how many times Butler allegedly threatened to terminate her – "it could have been one or it could have been five." Blakley Dep. III at 94-95.

[25]On one occasion, Butler told Blakley that "she didn't want [Blakley] at [her] desk at breaktime. She wanted [Blakley] outside or away from the – [her] cubicle or something." Blakley Dep. III at 95.

6

intimidation, ridicule, and insult" as to alter the conditions of Blakley's employment and create an abusive working environment.[26]

Because Blakley has failed to produce evidence sufficient to create a genuine issue of material fact that she was harassed, or that the harassment was based on her race, Blakley's Title VII harassment claim is dismissed.

### B.  Blakley's Title VII Retaliation Claim Fails as a Matter of Law

To establish a *prima facie* case of Title VII retaliation, Blakley must demonstrate that:

> (1) she engaged in a protected activity;
>
> (2) she suffered an adverse employment action; and
>
> (3) there was a causal connection between the protected activity and the adverse employment action.[27]

As for element (1), Blakley's only protected activity is her EEOC charge brought on March 2, 2007, and her first lawsuit filed on October 29, 2007.[28] As for element (2), the termination of Blakley's employment is an adverse employment action.[29] Blakley, however, has

---

[26]See *Duncan*, 300 F.3d at 934.

[27]See *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 858 (8th Cir. 2005).

[28]To engage in protected activity, an employee must oppose a practice made unlawful by Title VII or make a charge, testify, assist, or participate in a proceeding under Title VII. 42 U.S.C. § 2000e-3(a).

[29]Personality conflicts in the workplace, such as those alleged between Blakley and her co-workers, do not constitute materially adverse employment action. See *Higgins v. Gonzales*, 481 F.3d 578, 589-90 (8th Cir. 2007). And, Butler's written warning to Blakley was also not a materially adverse employment action. See *e.g.*, *Littleton v. Pilot Travel Centers, LLC*, 568 F.3d 641, 644 (8th Cir. 2009) ("commencing performance evaluations, or sending a critical letter that threatened 'appropriate disciplinary action,' or falsely reporting poor performance . . . were actions that did not establish a *prima facie* case of retaliation, absent showings of materially adverse consequences to the employee.").

failed to present evidence creating a material issue of fact on element (3), that there was a causal connection between her EEOC Charge or the first lawsuit and the termination of her employment on January 22, 2008. Standing alone, Blakley's position being eliminated approximately ten months after her March 2007 charge, and three months after her lawsuit was filed, is not sufficient to raise an issue of material fact on causal connection.[30]

Additionally, Schlumberger puts forward a legitimate, non-retaliatory reason for the termination of Blakley's employment (her position was eliminated when Schlumberger outsourced her job duties)[31] and Blakley has not offered evidence that Schlumberger's proffered explanation is pretextual. For all of these reasons, Blakley's Title VII retaliation claim fails as a matter of law.

### C.      Blakley's FMLA Claims Also Fail as a Matter of Law

Under the FMLA, "an eligible employee is entitled to up to twelve weeks of unpaid leave during a twelve-month period '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'"[32] There are two types of claims under the FMLA: (1) an interference claim where the employee alleges that her employer

---

[30]See *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (citing with approval cases dismissing retaliation claims where there were three or four month periods between protected activity and adverse employment action, noting temporal proximity must be "very close"); see also *EEOC v. Kohler Co.*, 335 F.3d 766, 774 (8th Cir. 2003) (a firing one month after protected conduct insufficient, by itself, to prove retaliation).

[31]See *e.g.*, *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 716 (8th Cir. 2000) (finding employer's reduction in force decision to reduce costs and improve efficiency constitutes legitimate, non-discriminatory reasons)

[32]*Rask v. Fresenius Med. Care N. Am.*, 509 F.3d 466, 471 (8th Cir. 2007) (quoting 29 U.S.C. § 2612(a)(1)(D)).

denied or interfered with her substantive rights under the FMLA, and (2) a retaliation claim where the employee alleges that the employer discriminated against her for exercising her FMLA rights.[33] Blakley asserts both claims against Schlumberger, but has not demonstrated an issue of material fact on either claim.

### 1. Blakley Cannot Establish an FMLA Interference Claim.

To survive summary judgment on her interference claim, Blakley must show a genuine dispute of material fact that:

>   (1) she was entitled to substantive rights under the FMLA;
>
>   (2) she was denied those rights for a reason connected with her FMLA leave; and
>
>   (3) she was prejudiced by the denial of those rights.[34]

First, as a matter of law, Blakley cannot establish element (1) because she was not entitled to rights under the FMLA. The FMLA allows employers to request a medical certification regarding the employee's condition and leave.[35] The employee must then submit the certification in a timely manner to be entitled to FMLA Rights.[36]

---

[33]*Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

[34]See *Hearst v. Progressive Foam Tech., Inc.*, No. 4:08-4190, 2010 U.S. Dist. LEXIS 2082 (E.D. Ark. Jan. 12 2010).

[35]*Id.*; *see also,* 29 U.S.C. § 2613; 29 C.F.R. § 825.305.

[36]29 C.F.R § 8256.305(b); 29 U.S.C. § 2613(a).

Here, Schlumberger twice requested medical certifications.[37] Both requests set forth that Blakley would not be entitled to FMLA protections if she failed to present the certification.[38] Blakley has admitted that she understood she was required to turn in FMLA paperwork to qualify for FMLA, but that neither she nor her doctors ever submitted the requested medical certification to Schlumberger.[39] Accordingly, she is not entitled to any rights or benefits under the FMLA,[40] and her interference claim fails as a matter of law.

Also, because Schlumberger had reason to discharge Blakley independent of FMLA leave (her job was eliminated due to a corporate decision to out source her responsibilities), Blakley's interference claim fails as a matter of law.[41]

### 2.    Blakley Cannot Establish an FMLA Retaliation Claim.

Blakley's claim under the second type of FMLA claim also fails as a matter of law. To show retaliation under the FMLA, Blakley must demonstrate that:

(1) she exercised rights afforded by the FMLA;

---

[37]Doc. No. 59.

[38]*Id*. The November 7, 2007 letter included the FMLA policy which notes that a failure to submit the medical certification form may result in a waiver of FMLA rights. *Id*. The December 28, 2007, letter stated that as she had not turned in the FMLA certification she was on unprotected leave and if the documentation was not produced by the deadline then she would be in violation of Schlumberger's job abandonment policy which was enclosed. *Id*.

[39]*See* Blakley Dep. II at 58-59; *see also* Blakley Dep. III at 27-28, 71.

[40]*Kobus v. The College of St. Scholastica*, No. 07-3881, 2009 U.S. Dist. LEXIS 8671 (D. Minn. Feb. 5, 2009) (holding employer had statutory right to enforce certification requirement and dismissing employee's FMLA claim for failure to satisfy certification requirement); *Waltrip v. Conway Human Dev. Center*, No. 4:07-103, 2008 U.S. Dist. LEXIS 71999 (E.D. Ark. Sept. 22, 2008) (finding no interference where Blakley failed to provide necessary information entitling her to FMLA leave).

[41]See *Hearst*, 2010 U.S. Dist. LEXIS 2082, at *23-24.

(2) she suffered an adverse employment action; and

(3) there was a causal connection between her exercise of FMLA rights and the adverse action.[42]

As previously noted, because Blakley failed to submit a medical certification at any time before her termination, she was not exercising any FMLA rights, and so here again she cannot establish element (1), and, because the more than four month interval between her leave and the termination of her duties does not, standing alone, demonstrate causation, she has not demonstrated an issue of material fact as to element (3).[43] Blakley's FMLA retaliation claim is dismissed as a matter of law.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Summary Judgment (Doc. No. 58) is GRANTED.

IT IS SO ORDERED this 28th day of July, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[42]*McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1002 (8th Cir. 2005). Also, ultimately, Blakley was absent from work for more than the twelve weeks provided by the FMLA, and so she was not exercising any rights under the FMLA by her continued absence.

[43]See *McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998 (8th Cir. 2005).